IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT

2010 MAR 19  AM 10: 42

CLERK _____ L. Tebenbern
SO. DIST. OF GA.

TIRIKIE MILLER,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        CV 309-049
                                   )
THOMAS H. CORBIN, Sheriff, et al., )
                                   )
            Defendants.            )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at Coastal State Prison in Garden City, Georgia,[1]

commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se*

and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened

to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S.

519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof,

that is frivolous or malicious or that fails to state a claim upon which relief may be granted.

See 28 U.S.C. §§ 1915(e) & 1915A.

---

[1]As explained below, Plaintiff's allegations concern the Sheriff of Treutlen County
and an officer employed by the Treutlen County Sheriff's Department. (See doc. no. 1, p.
4).

## I.  BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds the following.  Plaintiff names the following Defendants:  (1) Thomas H. Corbin, Sheriff of Treutlen County, Georgia, and (2) Chief Deputy Felton Strickland of the Treutlen County Sheriff's Department. (Doc. no. 1, pp. 1, 4).  Plaintiff alleges that on January 10, 2009, Defendants Corbin and Strickland arrested him on the charge of burglary. (Id. at 6).  Plaintiff states that at the time of his arrest, he requested to see the warrant but that Defendant Corbin refused to show it to him.  (Id. at 7).  After originally being taken to the Treutlen County Jail following his arrest, Plaintiff was purportedly later taken to the Irwin County Detention Center, where Defendant Corbin again refused Plaintiff's request to see a copy of his arrest warrant. (Id. at 6-7).  Plaintiff acknowledges that he eventually received a copy of the arrest warrant on February 6, 2009, when the county attorney responded to a letter Plaintiff had written requesting a copy of the same.  (Id. at 8).  However, based on (1) the county attorney's alleged statement in his response to Plaintiff's letter that the Treutlen County Sheriff's Department was not currently in possession of his arrest warrant, (2) Plaintiff's contention that the arrest warrant was not filed with the Treutlen County Clerk of Court, and (3) his allegation that he had yet to be indicted on the burglary charge as of June 24, 2009 (see id. at 7-8), it appears that Plaintiff believes that the arrest warrant he eventually received was fabricated and that his Fourth Amendment rights were violated because he was arrested without a warrant and no warrant was subsequently obtained.

Plaintiff further alleges that his arrest on the burglary charge resulted in a parole warrant being issued on January 12, 2009, for violating his parole. (Id. at 6).  Plaintiff states

that at his parole revocation hearing on February 19, 2009, Defendant Corbin testified that Plaintiff had been charged with burglary. (Id. at 7). However, as noted above, Plaintiff states that as of June 24, 2009, he had "neither been indicted nor [had an] accusation been presented" as to this charge. (Id.). Accordingly, Plaintiff concludes that Defendant Corbin's "sole intention" in arresting him for burglary was to get Plaintiff's parole revoked and have Plaintiff sent back to prison. (Id. at 8).

In addition, Plaintiff alleges that Defendant Corbin told him after his arrest that he was not entitled to a first appearance or bond. (Id. at 6). According to Plaintiff, between the date of his arrest and the date of his parole revocation hearing, he was never "brought before a judicial officer," nor was he "afforded the opportunity to post bail." (Id. at 7). As relief, Plaintiff seeks compensatory damages solely for "emotional and mental distress, impairment of reputation, and personal humiliation." (Id. at 5). Plaintiff also seeks "dismissal and acquittal of all charges." (Id.).

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's complaint fails to state a claim for relief. The Court begins with Plaintiff's request for relief in the form of "dismissal and acquittal of all charges." (Doc. no. 1, p. 5). While not stated explicitly, the Court surmises from this request that Plaintiff is seeking release from incarceration. However, such a request is not proper in this § 1983 action. Indeed, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."

3

Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus." Id. at 500. If Plaintiff wishes to challenge the validity of his confinement, he should file a separate federal habeas petition.[2] However, his request for release from incarceration is not proper in this § 1983 action. Accordingly, this claim should be dismissed.

Plaintiff also requests compensatory damages for "emotional and mental distress, impairment of reputation, and personal humiliation." (Doc. no. 1, p. 5). Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has unequivocally held that this provision applies to constitutional claims. Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc); cf. Napier v. Preslicka, 314 F.3d 528, 532-33 & n.2 (11th Cir. 2002) (finding that § 1997e(e) bars § 1983 claim for emotional injuries alleged to have

---

[2]Plaintiff should be aware that if he intends to pursue habeas corpus relief, he must first exhaust his claims in the state courts before his claims for relief will be heard in federal court. Specifically, Plaintiff should note that, effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

resulted from mistaken arrest but refusing to discuss viability of forfeited claim for mistaken pretrial detention), *reh'g en banc denied*, 331 F.3d 1189 (11th Cir. 2003). Here, Plaintiff has not alleged that he has suffered any physical injury as a result of his alleged unlawful arrest and subsequent detention without an initial appearance or bail/bond hearing. Rather, he only seeks to be compensated for mental and emotional injuries he has allegedly suffered, including "impairment of reputation and personal humiliation." (Doc. no. 1, p. 5). Accordingly, such allegations fail to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of March, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE